THE STATE OF OHIO *v.* CARROLL.

(No. 46-314-105—Decided April 28, 1983.)

Brown County Court.

*Mr. Robert A. Corbin,* assistant prosecuting attorney, for plaintiff.

*Mr. John B. Houser,* for defendant.

CLARK, J. The facts are not in dispute. The defendant, John H. Carroll, and the state stipulated the contents of the Accident Report and it was received into evidence as Joint Exhibit 1. No additional testimony was taken. Carroll was operating a 1981 Plymouth Horizon passenger vehicle with Ohio license No. AMN 598 upon a public highway, namely, State Route 125 eastbound, east of State Route 505 in Lewis Township, Brown County, Ohio at or about 8:55 p.m. on February 26, 1983, when he attempted to pass a 1979 Chevrolet driven by one Philip Tolle, who was traveling in the same direction. Carroll stated he activated his left-turn signal blinker. No one denied this. Carroll did not give an audible signal.

The Tolle vehicle turned left into the path of the passing Carroll vehicle and the cars collided. No one was injured.

Carroll was cited for improper passing in violation of R.C. 4511.27(A). Tolle was cited for other violations which are not now before this court.

The question essentially is this: Does Carroll's failure to give an audible signal amount to a violation of R.C. 4511.27(A)? Put another way, is a visible signal alone adequate to satisfy the statutory requirement of "signal"?

The pertinent section reads:

"The following rules govern the overtaking and passing of vehicles or trackless trolleys proceeding in the same direction:

"(A) The operator of a vehicle or trackless trolley overtaking another vehicle or trackless trolley proceeding in the same direction shall, except as provided in division (C) of this section, signal to the vehicle or trackless trolley to be overtaken, shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the roadway until safely

clear of the overtaken vehicle or trackless trolley.''

The court notes that although Subsections (B) and (C) make specific reference to "audible signal," Subsection (A) does not. It strains credulity to think that the legislature intended motorists, law enforcement personnel and the courts to ruminate over nice questions regarding the essence of signal when it enacted Subsection (A). Indeed, the legislature provided in R.C. 1.42 that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage. * * *''

Accordingly, the court finds that the use of the word "signal" in R.C. 4511.27(A), without limiting modifiers such as "visible," "audible," and the like, was intended to mean anything reasonably expected to communicate an intention to change direction. This Carroll did, albeit fruitlessly with respect to Tolle's operation of his vehicle. It is the opinion of this court therefore that Carroll complied with R.C. 4511.27(A), that he was not required in the circumstances to give an audible signal, but that a visible signal sufficed, and that the state failed to prove beyond a reasonable doubt Carroll's guilt.

For the foregoing reasons, Carroll is found not guilty.

*Defendant not guilty.*